546 A.2d 472

Michael Edward LASTER

v.

STATE of Maryland.

No. 72, Sept. Term, 1987.

Court of Appeals of Maryland.

Sept. 9, 1988.

Arthur A. DeLano, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Ann E. Singleton, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

The Interstate Agreement on Detainers ("IAD") provides two different time periods within which the receiving state must bring the prisoner to trial. If a prisoner initiates the proceedings under Article III, then the trial must commence within 180 days after the "prosecuting officer" and the "appropriate court" receive the prisoner's request. If a member state initiates the proceedings under Article IV, then the trial must commence within 120 days of the prisoner's arrival in the receiving state. The sanction for failure to comply with the prescribed time periods is a dismissal of the charge or charges with prejudice. This case concerns

the application of these time periods when there are multiple jurisdictions in the receiving state who have lodged detainers against the prisoner as well as the application of these time periods when both the prisoner and the member state initiate proceedings under the IAD.

## I

We begin with a brief history of the case. Since July of 1985, Petitioner Michael Edward Laster ("Laster") has been serving a term of life imprisonment for first degree rape in North Carolina. In November of 1985, Laster was transported to Maryland pursuant to the IAD and subsequently prosecuted in Anne Arundel County and in Howard County. In March of 1986, in the Circuit Court for Anne Arundel County (Thieme, J.), Laster was tried and convicted in two sexual offense cases. On April 30, 1986, Laster appeared in the Circuit Court for Howard County (Nissel, J.), and subsequently was convicted of first degree sexual offense, third degree sexual offense, armed robbery, wearing and carrying a handgun, and three counts of use of a handgun in the commission of a felony.

Laster appealed the judgment of the Circuit Court for Howard County to the Court of Special Appeals and, among other allegations of error, claimed that Howard County had failed to comply with the 120 day time period prescribed in Article IV of the IAD. In an unreported opinion, the Court of Special Appeals concluded that there was "no provision within Article IV making the 120–day period applicable to all prosecuting authorities within a single state" and, finding no other error, affirmed the convictions. We granted certiorari at 310 Md. 144, 527 A.2d 331 (1987).

## II

The Interstate Agreement on Detainers, to which Maryland became a signatory in 1965, consists of nine articles and a number of supplemental provisions. Maryland Code

(1957, 1987 Repl.Vol.), Article 27, §§ 616A–616R.[1] In addition, there are eight optional implemental forms, set forth in full in an appendix to this opinion, which apparently have been adopted for use in this state by the Office of the Attorney General and which were used in this case.[2]

The purpose of the IAD is found in Article I:

"The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures."

The central provisions of the IAD are Articles III and IV. Article III permits a prisoner incarcerated in a member state to demand disposition of any "untried indictment, information or complaint [pending in another member state]

---

**1.** For a history of the IAD see United States v. Mauro, 436 U.S. 340, 349–52, 98 S.Ct. 1834, 1842, 56 L.Ed.2d 329, 340–41 (1978). The 50 signatories are listed at 18 U.S.C.App. (1985, 1988 Cum.Supp.).

**2.** The forms are published in Council of State Governments, *The Handbook on Interstate Crime Control,* Chapter IV, p. 100 (rev.ed.1966) ("Handbook"). The Handbook is "a reference book in the field of interstate crime control which ... contain[s] copies of the uniform laws drafted and recommended by the [Council of State Governments], the regulations called for thereunder, [and] the legal forms for their proper enforcement." *Id.* at Foreward. Chapter IV of the Handbook, which covers the IAD, contains the implemental forms and instructions for their use. With respect to the adoption by the forms by the Office of the Attorney General, *see* Rogers, *Maryland Extradition Manual,* p. 43–72 (rev.ed.1985).

on the basis of which a detainer has been lodged against the prisoner." Article III(a) provides, in part:

"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction over the matter may grant any necessary or reasonable continuance."

The prisoner's demand:

"operate[s] as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed.

\* \* \* \* \* \*

If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

Article III(d).

Article IV permits the "appropriate officer" of a member state, who has previously filed a detainer against the prisoner, to obtain temporary custody of a prisoner incarcerated in another member state against whom any "untried indictment, information or complaint is pending." Article IV(a) provides:

"The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available [for temporary custody] upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated: provided that the court having jurisdiction of such indictment, information or complaint shall have duly approved, recorded and transmitted the request: and provided further that there shall be a period of thirty days ... within which the governor of the sending state may disapprove the request for temporary custody...."

Article IV(c) continues:

"In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner and his counsel being present, the court having jurisdiction over the matter may grant any necessary or reasonable continuance."

And Article IV(e) provides:

"If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment ... such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

Finally, with respect to both a prisoner demand for disposition under Article III and a member state request for temporary custody under Article IV, Article V(c) provides:

"If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which a detainer has been lodged is not brought to trial within the period provided in Article III or Article

IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

## A.

Article III, read in conjunction with the forms, works as follows. When a detainer is lodged by a member state against a prisoner incarcerated in another member state, the warden of the prison, using Form 1 ("Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition"), informs the prisoner of the detainer and the prisoner's right to request disposition of the charge or charges upon which the detainer is based.[3] If the prisoner wants to request disposition, he or she signs Forms 1 and 2 and returns them to the warden. Upon receipt of Forms 1 and 2, the warden sends Forms 2 ("Inmate's Notice of Place of Confinement and Request for Disposition of Indictments, Informations or Complaints"), 3 ("Certificate of Inmate Status") and 4 ("Offer to Deliver Temporary Custody") by registered or certified mail to the "appropriate prosecuting official and court."[4] Upon receipt of Forms 2, 3 and 4, the prosecutor completes Form 7 ("Prosecutor's Acceptance of Temporary Custody Offered in Con-

---

**3.** Article III(c) provides:

"The warden, commissioner of corrections or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based."

**4.** Article III(a) provides in part:

"The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the

nection with a Prisoner's Request for Disposition of A Detainer"), in which the prosecutor certifies that the prisoner will be brought to trial within the time specified in Article III, and sends it to the warden. The prosecutor also completes Form 6 ("Evidence of Agent's Authority to Act for Receiving State"), which indicates both the date the prisoner will be transported from the sending state and the date of the prisoner's trial,[5] and sends it to the receiving state's Agreement Administrator.[6] The Agreement Administrator signs-off on Form 6 and sends it to the warden.

If there are other detainers lodged against the prisoner from the receiving state, those detainers are included on the

---

prisoner, and any decisions of the state parole agency relating to the prisoner."

Article V(a) provides, in part:

"In response to a request made under Article III or Article IV hereof, the appropriate authority in a sending state shall offer to deliver temporary custody of such prisoner to the appropriate authority in the state where such indictment, information or complaint is pending against such person in order that speedy and efficient prosecution may be had. If the request for final disposition is made by the prisoner, the offer of temporary custody shall accompany the written notice provided for in Article III of this agreement."

Article III(b) provides:

"The written notice and request for final disposition referred to in subsection (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested."

5. Article V(b) provides:

"The officer or other representative of a state accepting an offer of temporary custody shall present the following upon demand:

(1) Proper identification and evidence of his authority to act for the state into whose temporary custody the prisoner is to be given.

(2) A duly certified copy of the indictment, information or complaint on the basis of which the detainer has been lodged and on the basis of which the request for temporary custody of the prisoner has been made."

6. Under Article VII of the IAD, each member state is required to designate an Agreement Administrator. In Maryland, the Attorney General is the Agreement Administrator. Maryland Code, (1957, 1987 Repl.Vol.), Article 27, § 616–0.

prisoner's request for disposition (Form 2) and the warden's offer to deliver temporary custody extends to those jurisdictions (Form 4). The warden sends copies of Forms 2, 3 and 4 to the prosecuting officers and appropriate courts in these jurisdictions [7] and the prosecutors who want to bring the prisoner to trial complete Form 8 ("Prosecutor's Acceptance of Temporary Custody Offered in Connection with a Prisoner's Request for Disposition of a Detainer"), in which the prosecutor certifies that the prisoner will be brought to trial within the time specified in Article III. The prosecutor sends copies of Form 8 to the warden, the Agreement Administrator in the receiving state, and the other prosecutors listed in the offer for temporary custody.

### B.

Article IV, read in conjunction with the forms, works as follows. If a prosecutor in a member state wants temporary custody of a prisoner incarcerated in another member state, the prosecutor completes Form 5 ("Request for Temporary Custody"), in which the prosecutor certifies that he will bring the prisoner to trial within the time specified in Article IV, and sends copies of Form 5 to the prisoner and the warden having custody of the prisoner. Following a 30 day period in which the governor of the sending state may deny the request, the warden then forwards Forms 3 ("Certificate of Inmate Status") and 4 ("Offer to Deliver Temporary Custody") to the requesting prosecutor.[8] Upon receipt

---

7. Article III(d) provides, in part:
 "The warden, commissioner of corrections or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this subsection shall be accompanied by copies of the prisoner's written notice, request, and the certificate."

8. Article IV(b) provides, in part:
 "Upon receipt of the officer's written request as provided in subsection (a) hereof, the appropriate authorities having the prisoner in custody shall furnish the officer with a certificate stating the term of

of Forms 3 and 4, the prosecutor completes Form 6 ("Evidence of the Agent's Authority to Act for the Receiving State"), which indicates the date that the prisoner will be transported from the sending state and the date of the prisoner's trial, and sends it to the Agreement Administrator in the receiving state.[9] The Agreement Administrator signs-off and sends it to the warden.

If there are other jurisdictions in the receiving state who have lodged detainers, those jurisdictions are included in the offer to deliver temporary custody and the warden sends copies of Forms 3 and 4 to the prosecuting officers and appropriate courts in those jurisdictions.[10] If the prosecutors in those jurisdictions want to bring the prisoner to trial, those prosecutors complete Form 8 ("Prosecutor's Acceptance of Temporary Custody Offered in Connection with Another Prosecutor's Request for Disposition of A Detain-

---

commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner."
Article V(a) provides, in part:
"In response to a request made under Article III or Article IV hereof, the appropriate authority in a sending state shall offer to deliver temporary custody of such prisoner to the appropriate authority in the state where such indictment, information or complaint is pending against such person in order that speedy and efficient prosecution may be had."

9. Article V(b) provides:
"The officer or other representative of a state accepting an offer of temporary custody shall present the following upon demand:
(1) Proper identification and evidence of his authority to act for the state into whose temporary custody the prisoner is to be given.
(2) A duly certified copy of the indictment, information or complaint on the basis of which the detainer has been lodged and on the basis of which the request for temporary custody of the prisoner has been made."

10. Article IV(b) provides:
"[The] authorities [having the prisoner in custody] simultaneously shall furnish all other officers and appropriate courts in the receiving state who have lodged detainers against the prisoner with similar certificates and with notices informing them of the request for custody or availability and of the reasons therefor."

er"), in which the prosecutor certifies that the prisoner will be brought to trial within the time specified in Article IV.

### III

We start with the facts relating to the Anne Arundel County detainer. On October 8, 1985, Anne Arundel County lodged a detainer against Laster in Central Prison, North Carolina. On October 22, the warden, using Form 1, notified Laster of the detainer and his right to request final disposition. On the same day, Anne Arundel County, using Form 5, requested temporary custody of Laster. On October 28, Laster received his copy of Form 5. In response, Laster, using Form 2, made a written demand for disposition. On the following day, the warden forwarded Forms 2, 3 and 4, and, in a cover letter which accompanied the forms, directed the prosecutor to complete Form 6 and Form 7 ("Prosecutor's Acceptance of Temporary Custody Offered in Connection with a Prisoner's Request for Disposition of a Detainer"). On November 4, Anne Arundel County, referring to the warden's cover letter, sent Form 7, certifying that Laster would be brought to trial within the 180 day time period set forth in Article III. Finally, on November 13, the Agreement Administrator for Maryland sent Form 6 to the warden.

Howard County lodged its detainer against Laster in November of 1984 while he was a pretrial detainee in North Carolina. The record indicates that the Howard County detainer followed Laster to Central Prison and that the warden mistakenly believed that the Howard County and Anne Arundel County detainers, which contained almost identical charges, were based on the same indictment. Consequently, none of the multiple jurisdiction procedures were followed by the warden or the Howard County prosecutors. Howard County eventually got custody of Laster from Anne Arundel County by use of an intrastate detainer.

### IV

The threshold issue in this case is whether all jurisdictions in the receiving state who have lodged detainers

against the prisoner must bring the prisoner to trial within the time periods prescribed in Articles III and IV.

While the IAD is silent on this issue, the forms, written by the drafters of the IAD, plainly indicate that each jurisdiction in the receiving state which has lodged a detainer is bound to bring the prisoner to trial within the specified time periods. In Form 7, which is intended for use by all prosecutors in the receiving state who accept temporary custody in connection with a prisoner request for disposition, the prosecutor certifies that the prisoner will be brought to trial within the time set forth in Article III. Similarly, in Form 8, which is intended for use by all prosecutors who accept temporary custody in connection with another prosecutor's request for temporary custody, the prosecutor certifies that the prisoner will be brought to trial within the time specified in Article IV. Reading Forms 7 and 8, we are convinced that the drafters intended that each jurisdiction in the receiving state which has lodged a detainer must bring the prisoner to trial within the prescribed time periods. *Accord The Handbook on Interstate Crime Control, supra* note 2, at 111–12, under "Suggested Instructions for Prosecutors" (With respect to a member state initiated request, "[t]he agreement requires that trial be commenced within 120 days from the time the prisoner arrives within your state. If other jurisdictions in your state also have detainers pending against the inmate, trials on their indictments, informations or complaints must also be begun within this same 120–day period.") (With respect to a prisoner initiated request, "[p]rovisions of the agreement regarding disposition of indictments, informations or complaints pending in other jurisdictions in your state apply in the same manner as they do in actions initiated by a prosecutor.")

▉ The Court of Special Appeals reached a contrary conclusion stating, among other things, that "such an interpretation ... would unduly burden the prosecuting authorities in the receiving state." We disagree for two reasons. First, both time periods may be extended for "good cause

shown in open court, the prisoner or his counsel being present." Clearly, the prospect of multiple trials in the receiving state would establish good cause for a continuance. Second, under Article VII, each member state is required to designate an Agreement Administrator. The Agreement Administrator:

"shall promulgate rules and regulations to carry out more effectively the terms and provisions of this agreement, [and] shall provide, within and without the state, information necessary to the effective operation of [the IAD]."

Given that each member state has an Agreement Administrator who functions, at least in part, to assist prosecutors in coordinating trials and given that prosecutors may seek continuances where there are multiple trials in the receiving state, we are unpersuaded that our reading of the IAD places an undue burden on the receiving state.

The second issue is whether the 180 day rule, the 120 day rule, or both, apply when the prisoner and the member state initiate proceedings under the IAD.

▊ While there is one author who suggests, without citation of authority, that the prisoner may be entitled to the benefit of both time periods when both the prisoner and the member state initiate proceedings under the IAD, *see* Abramson, *Criminal Detainers,* p. 109 (1979), we think that this result was not intended by the drafters of the IAD and decline to follow it. The effect of two clocks running against the State is to place an outside limit of 180 days on the time within which the receiving state must *transport* the prisoner into the receiving state or dismiss the indictment. While the IAD no doubt contemplates the timely transportation of the prisoner into the receiving state pursuant to a prosecutor initiated request, a member state's statutory obligation is to bring the prisoner to trial within 120 days of the prisoner's arrival in the state. If the result were otherwise, every member state request for temporary custody would be followed by a prisoner request for final disposition. It is our view that the IAD contemplates two

separate mechanisms for proceeding under the Agreement, one for prisoners and one for member states, and that any given proceeding under the IAD is governed either by the provisions relating to a prisoner demand for disposition or the provisions relating to a member state request for temporary custody. The question thus becomes whether the IAD proceeding in the case at bar was pursuant to a prisoner demand for disposition or a member state request for temporary custody.

■ On October 28, with knowledge of Anne Arundel County's request for temporary custody, Laster demanded disposition under Article III. On November 4, Anne Arundel County, without objection to Laster's demand for disposition, accepted the warden's offer of temporary custody in connection with a prisoner request for disposition. Under these circumstances, Laster gained the right to be tried within the 180 day period prescribed in Article III. We conclude that he is so bound.

Laster's trial in Howard County commenced within the 180 day period set forth in Article III and we accordingly affirm.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.

MURPHY, C.J., and RODOWSKY and McAULIFFE, JJ., concur.

**562**

FORM 1

---

In duplicate. One copy of this form, signed by the prisoner and the warden should be retained by the warden. One copy, signed by the warden, should be retained by the prisoner.

---

NOTICE OF UNTRIED INDICTMENT, INFORMATION OR COMPLAINT
AND OF RIGHT TO REQUEST DISPOSITION

Inmate................... No. .................... Inst. ...........................

 Pursuant to the Agreement on Detainers, you are hereby informed that the followir are the untried indictments, informations or complaints against you concerning which the undersigned has knowledge, and the source and contests [sic] of each.

 You are hereby further advised that by the provisions of said agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

 Your request for final disposition will operate as a request for final dispositic of all untried indictments, informations or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or oroceeding contemplated thereby or included therein and a waiver of extradition to the state of trial to serve any sentence there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which you are now confined.

 Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify....................................... of the institution in which you are confined.

 You are also advised that under provisions of said agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may institute proceedings to obtain a final disposition thereof. In such event, you may oppose the request that you be delivered to such prosecuting officer or court. You may request the Governor of this state to disapprove any such request for your temporary custody but you cannot oppose delivery on the grounds that the Governor has not affirmatively consented to or ordered such delivery.

DATED: ..................... ...................................................

 (Insert name and title of custodial authority)

 BY:...................................................

 Warden-Superintendent-Director

 RECEIVED

DATE.. .. ..............

INMATE............................... NO...............

 

FORM 2

Five copies, if only one jurisdiction within the state involved has an indictment, information or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One copy should be retained by the prisoner. One signed copy should be retained by the warden. Signed copies must be sent to the Agreement Administrator of the state which has the prisoner incarcerated, the prosecuting official of the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter. The copies for the prosecuting officials and the court must be transmitted by certified or registered mail, return receipt requested.

### INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS OR COMPLAINTS

TO: .............................., Prosecuting Officer, ..............................
 (Jurisdiction)
.............................., Court ..............................................
 (Jurisdiction)

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations or complaints are pending.
 You are hereby notified that the undersigned is now imprisoned in
...................................... at ...........................................
 (Institution) (Town and State)
and I hereby request that a final disposition be made of the following indictments, informations or complaints now pending against me:

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, will result in the invalidation of the indictments, informations or complaints.
 I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceeding contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.
 If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.
 The required Certificate of Inmate Status and Offer of Temporary Custody are attached.

DATED: ..................... ..............................................
 (Inmate's Name and Number)

**564**

CLEARING DETAINERS

The inmate must indicate below whether he has counsel or wishes the court to appoint counsel for purposes of any proceedings preliminary to trial which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

A. My counsel is..................................................................
(Name of Counsel)

 whose address is ..........................................................
(Street, City and State)

B. I request the court to appoint counsel.

................................................
(Inmate's Signature)

---

FORM 3

---

In the case of an inmate's request for disposition under Article III, copies of this Form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor under Article IV, copy of this Form should be sent to the prosecutor upon receipt by the warden of Form V. Copies also should be sent to all other prosecutors in the same state who have lodged detainers against the inmate. A copy may be given to the inmate.

---

CERTIFICATE OF INMATE STATUS

Re: ..........................................................................
(Inmate) (Number) (Institution) (Location)

The [custodial authority] hereby certifies:

1. The term of commitment under which the prisoner above named is being held:

2. The time already served:
3. Time remaining to be served on the sentence:
4. The amount of good time earned:
5. The date of parole eligibility of the prisoner:
6. The decisions of the Board of Parole relating to the prisoner: (if additional space is needed use reverse side)

7. Maximum expiration date under present sentence:
8. Detainers currently on file against this inmate from your state are as follows:

DATED: .................. .......................................................
 Custodial Authority
 BY: ....................................................
 Warden-Superintendent-Director

FORM 4

In the case of an inmate's request for disposition under Article III, copies of this Form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor this Form should be completed after the Governor has indicated his approval of the request for temporary custody or after the expiration of the 30 day period. Copies of this Form should then be sent to all officials who previously received copies of Form III. One copy also should be given to the prisoner and one copy should be retained by the warden. Copies mailed to the prosecutor should be sent by certified or registered mail, return receipt requested.

OFFER TO DELIVER TEMPORARY CUSTODY

Date ........................
TO: ........................................... Prosecuting Officer
 (Insert Name and Title If Known)
 ...............................................
 (Jurisdiction)
And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations or complaints are pending.
RE: ........................................... Number...........................
 (Inmate)
Dear Sir:
 Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is [described in the attached inmate's request] [described in your request for custody of ......................................].
 (Date)
[The required Certificate of Inmate Status is enclosed.] [The required Certificate of Inmate Status was sent to you with our letter of ..................................]
 (Date)
 If proceedings under Article IV(d) of the agreement are indicated, an explanation is attached.
 Indictments, informations or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of disposing of these indictments, informations or complaints.

| Offense | County or Other Jurisdiction |
|---|---|
| ................................. | ..................................... |
| ................................. | .. . . ...................... |
| ................................. | ..................................... |
| ................................. | ..................................... |

 If you do not intend to bring the inmate to trial, will you please inform us as soon as possible?
 Kindly acknowledge.

 .....................................................
 (Name and Title of Custodial Authority)
 BY: .....................................................
 (Warden-Superintendent-Director)
 .....................................................
 (Institution and Address)

**566**

FORM 5

Five copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of the state which has the prisoner incarcerated. Copies should be retained by the person filing the request and the judge who signs the request.

REQUEST FOR TEMPORARY CUSTODY

TO: ..............................................................................
(Warden-Superintendent-Director) (Institution)
..............................................................................
(Address)

Please be advised that ......................................, who is presently an inmate of your institution, is under [indictment] [information] [complaint] in the ..............................of which I am the ......................................
(Jurisdiction) (Title of Prosecuting Officer)
Said inmate is therein charged with the [offense] [offenses] enumerated below:

Offense

..............................................
..............................................
..............................................

I propose to bring this person to trial on this [indictment] [information] [complaint] within the time specified in Article IV(c) of the agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Signed:............................................
Title:............................................

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.

DATED:........................... Signed:..................................
(Judge)
..................................
(Court)

FORM 6

In quadruplicate. All copies, signed by the prosecutor and the agent should be sent
to the Agreement Administrator of their own state. After signing all copies, the
Administrator should retain one for his files, send one to the warden of the
institution in which the prisoner is located and return two copies to the prosecutor
who will give one to the agent for use in establishing his authority and place one in
his files.

EVIDENCE OF AGENT'S AUTHORITY TO ACT FOR RECEIVING STATE

TO: ........................................................

 (Administrator of the Agreement on Detainers)

 .............................. is confined in ..............................

 (Inmate) · (Institution)

.............................................., and will be taken into custody at the

 (Address)

institution on ...................................... for return to this jurisdiction

 (Date)

for trial on or about ......................................In accordance with Article

 (Date)

V(b), I have designated ................................................whose signature

appears below as agent to return the prisoner.

 .......................................................

 (Prosecuting Official)

.........................................

 (Agent's Signature)

TO: Warden

 In accordance with the above representation and the provisions of the Agreement

 on Detainers, .......................................... is hereby designated as

 (Agent)

 agent for this state to return ........................................for trial.

 (Inmate)

 .....................................................

 (Administrator)

**568**

IMPORTANT: This form should only be used when an offer of temporary custody has been received as the result of a prisoner's request for disposition of a detainer. If the offer has been received because another prosecutor in your state has initiated the request, use Form VIII. Copies of Form VII should be sent to the warden, the prisoner, the other jurisdictions in your state listed in the offer of temporary custody, and the Agreement Administrator of the state which has the prisoner incarcerated. Copies should be retained by the person filing the acceptance and the judge who signs it.

PROSECUTOR'S ACCEPTANCE OF TEMPORARY CUSTODY OFFERED
IN CONNECTION WITH A PRISONER'S REQUEST FOR
DISPOSITION OF A DETAINER

TO: ...................................... ..................................
 (Warden, Superintendent, Director) (Institution)

.....................................................................................
 (Address)

 In response to your letter of ...........................and offer of temporary
 (date)

 custody regarding ...................................................who is presently
 (Name of Prisoner)

 under indictment, information or complaint in the .........................of which
 (Jurisdiction)

I am ...................................., please be advised that I accept temporary
 (Title of Prosecuting Officer)

custody and that I propose to bring this person to trial on the indictment, information or complaint named in the offer within the time specified in Article III(a) of the Agreement on Detainers.

COMMENTS: [If your jurisdiction is the only one named in the offer of temporary custody, use the space below to indicate when you would like to send your agents to conduct the prisoner to your jurisdiction. If the offer of temporary custody has been sent to other jurisdictions in your state, use the space below to make inquiry as to the order in which you will receive custody, or to indicate any arrangements you have already made with other jurisdictions in your state in this regard.]

 Signed: ................................................
 Title: ................................................

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.

DATED: .................... Signed: ..................................
 (Judge)

 ..................................
 (Court)

FORM 8

IMPORTANT: This form should only be used when an offer of temporary custody has been received as the result of another prosecutor's request for disposition of a detainer. If the offer has been received because a prisoner has initiated the request, use Form VII to accept such an offer. Copies of Form VIII should be sent to the warden, the prisoner, the other jurisdictions in your state listed in the offer of temporary custody, and the Agreement Administrator of the state which has the prisoner incarcerated. Copy should be retained by the person filing the acceptance and the judge who signs it.

PROSECUTOR'S ACCEPTANCE OF TEMPORARY CUSTODY OFFERED
IN CONNECTION WITH ANOTHER PROSECUTOR'S REQUEST
FOR DISPOSITION OF A DETAINER.

TO: ................................... ....................................
 (Warden, Superintendent, Director) (Institution)

.........................................................................
 (Address)

 According to your letter of ..........., ...................................
 (Date) (Name of Prisoner)

.............................................. is being returned to this state at the
request of ............................. of ....................................
 (Title of Prosecuting Officer) (Jurisdiction)

I hereby accept your offer of temporary custody of ...........................
 (Name of Prisoner)

who is under indictment, information or complaint in the .....................
 (Jurisdiction)

.....................of which I am the .......................................
 (Title of Prosecuting Off·

I plan to bring this person to trial on said indictment, information or complaint
within the time specified in Article IV(c) of the Agreement on Detainers.

COMMENTS: [Use the space below to make inquiry as to order in which your jurisdiction
will receive custody or to inform the warden of arrangements you have already made
with other jurisdictions in your state in this regard.]
 Signed:................................................
 Title:.................................................

I hereby certify that the person whose signature appears above is an appropriate
officer within the meaning of Article IV(a) and that the facts recited in this
request for temporary custody are correct and that having duly recorded said request
I hereby transmit it for action in accordance with its terms and the provisions of
the Agreement on Detainers.

DATED: ....................... Signed:......................................
 (Judge)
 ...................................
 (Court)

---

McAULIFFE, Judge, concurring.

Laster's contention is that Howard County was required to begin his trial within 120 days of his arrival in this State. He is wrong because *he* requested trial in Howard County [1]

---

**1.** The majority opinion suggests that Laster's demand for disposition was made to Anne Arundel County in response to that County's request for temporary custody. In fact, Laster's request for disposition (Form 2) was specifically addressed to the State's Attorney for Howard County (although it described the Circuit Court for Howard County as being in Annapolis, Md.) and was received by that State's Attorney on November 6, 1985. A legal assistant in the office decided that Laster's demand was intended for Anne Arundel County, and forwarded it. Whether we treat this as a direct demand to Howard

and thus triggered the 180–day limitation of Article III. He was tried within 180 days of delivery of his demand to a prosecutor in this State, and his conviction is properly affirmed.

I write separately to explain my concern with the majority's dictum regarding the effect of an Article IV request by a prosecutor. The majority states that when a prosecutor files a request for temporary custody, each jurisdiction in the receiving state that has lodged a detainer is bound to bring the prisoner to trial within the time specified by Article IV. 313 Md. at 559, 546 A.2d at 478. I have serious doubts about the accuracy of that dictum, and I believe it to be in direct conflict with our opinion in *Boyd v. State*, 294 Md. 103, 447 A.2d 871 (1982), adopting the opinion of the Court of Special Appeals, *Boyd v. State*, 51 Md.App. 197, 441 A.2d 1133 (1982). In *Boyd*, detainers were filed by two Maryland counties with the custodial authority in Washington, D.C. The prosecutor in one of the counties filed an Article IV request for custody of the prisoner, tried him, and returned him to the District of Columbia. The second Maryland county then initiated an Article IV request and, over the objection of the prisoner that the "one-trip" requirement of Article IV (Art. 27, § 616E(e)) prevented his second transfer and trial, transported, tried, and convicted him. We held that subsection (e) did not apply because neither the prisoner nor the prosecutor in the second county had requested transfer to that county during the first transfer or trial. 51 Md.App. at 206, 441 A.2d 1133.

The majority opines that because the custodian of the prisoner is required to give notice of an Article IV request to all other prosecutors in the receiving state who have detainers pending, this operates as a request for final disposition and triggers the 120–day time limit for all such jurisdictions. This concept of automatic notice most as-

County, or as a demand to Anne Arundel County that constituted a demand to Howard County by operation of law, the result is the same.

suredly operates in Article III proceedings, but it does so because of the express language of subsection (d) (Art. 27, § 616D(d)):

> Any request for final disposition made by a prisoner pursuant to subsection (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed.

No similar language is found in Article IV.

In an appropriate case, where the issue is properly before us and has been fully briefed and argued, we should determine the effect of an Article IV request on other jurisdictions in the receiving state. I believe a strong argument may be made that the "one-trip" requirement of Article IV is entirely consistent with the notice requirement of that article, and where notice is properly given,[2] the several jurisdictions within the receiving state may be required to complete all trials before returning the prisoner. This does not necessarily mean, however, that the 120–day time limit should apply to every jurisdiction in such cases, and that question should await its proper resolution on another day.

MURPHY, C.J., and RODOWSKY, J., join in this concurring opinion.

---

2. Article 27, § 616Q, added by Maryland at the time of its adoption of the IAD, provides that certain notices are not effective until actually received.